**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780

October 27, 2020

LETTER TO COUNSEL

RE:   Easton v. Aberdeen Police Department
      Civil Case No. SAG-19-3650

Dear Counsel:

I have reviewed the Motion to Dismiss the Amended Complaint filed by Defendant City of Aberdeen, Maryland ("Aberdeen"), ECF 22, Plaintiff Jason Easton's Opposition, ECF 23, and Aberdeen's Reply, ECF 26. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons described below, Aberdeen's Motion will be denied.

Aberdeen essentially makes three main arguments in support of dismissal: (1) that Easton fails to state a claim upon which relief can be granted, because he cannot establish that he is qualified for his former position as a law enforcement officer, and thus he is ineligible for accommodation; (2) that Easton filed his charge with the EEOC more than 300 days after the alleged discriminatory act; and (3) that Easton filed his complaint in this court more than 90 days after receipt. ECF 22. None of those arguments is persuasive.[1]

First, Easton correctly notes that even an employee who is no longer qualified for his current position, as a result of a disability, may be entitled under the ADA to the specific accommodation of reassignment. ECF 23 at 12. Aberdeen's contrary contention relies on a much-maligned Fourth Circuit decision, *Myers v. Hose*, 50 F.3d 278, 284 (4th Cir. 1995). The Sixth Circuit addressed *Myers* in *Bratten v. SSI Servs., Inc.*, 185 F.3d 625, 633 (6th Cir. 1999), stating:

> *Myers* has not been well-received by other circuits. The infirmity of *Myers* was that it relied on case law interpreting the Rehabilitation Act before the statute was amended in 1992. *See Myers*, 50 F.3d at 284 (citing *Guillot v. Garrett*, 970 F.2d 1320, 1326 (4th Cir. 1992)). Prior to 1992, the Rehabilitation Act did not include re-assignment to a vacant position as a reasonable accommodation. *See Gile v. United Airlines, Inc.*, 95 F.3d 492, 497 (7th Cir. 1996). After the ADA was enacted, Congress amended the Rehabilitation Act to parallel the standards for employment discrimination under the ADA. *Id.*; *see also* 29 U.S.C. § 794(d). Of course, the

---

[1] In the alternative, Aberdeen's Motion seeks summary judgment. ECF 22. Because Plaintiff has submitted a Rule 56(d) affidavit demonstrating that additional discovery is needed, the motion will not be converted to a summary judgment motion at present, and will be treated as a motion to dismiss.

*Easton v. Aberdeen Police Department*
Civil Case No. SAG-19-3650
October 27, 2020
Page 2

> ADA explicitly lists "reassignment to a vacant position" as a possible reasonable accommodation mandated by the statute. 42 U.S.C. § 12111(9)(B).

For those reasons, *Myers*'s holding has been widely discredited, even by the Fourth Circuit itself. As the Court of Appeals of Maryland summarized in *Peninsula Regional Medical Center v. Adkins*, 448 Md. 197 (2016):

> Nearly every federal circuit court has silently or explicitly rejected *Myers* and concluded that the definition of "qualified individual with a disability" includes employees who could perform the essential functions of a reassignment position, with or without a reasonable accommodation, even if they cannot perform the essential functions of their current position. *See Smith v. Midland Brake, Inc.*, 180 F.3d 1154, 1161–62 (10th Cir. 1999) (en banc) (collecting cases); *see also Cravens v. Blue Cross & Blue Shield of Kansas City*, 214 F.3d 1011, 1018–19 (8th Cir. 2000) (noting that "*Myers* has been sharply criticized"). Notably, even the Fourth Circuit has disavowed *Myers. See Williams v. Channel Master Satellite Sys., Inc.*, 101 F.3d 346, 350 n. 4 (4th Cir. 1996) (rejecting district court's suggestion that reassignment to vacant position can never be reasonable accommodation and noting that such a conclusion would be "contrary to congressional direction"); *see also Bratten*, 185 F.3d at 634 ("Additionally, we note the Fourth Circuit itself has since acknowledged its mistake, and professed that the rule set forth in *Myers*, upon which the district court relied, was 'contrary to congressional direction.'") (citation omitted).

Aberdeen's heavy reliance on *Myers* is therefore unpersuasive. Instead, the language of the ADA unambiguously lists reassignment to a vacant position as a reasonable accommodation that must be considered by an employer where an employee is unable to continue in his current position as a result of a disability. *See* 42 U.S.C. § 12111(9)(B). Taking as true Easton's allegations that the salary of the vacant Code Enforcement position was far closer to his existing salary than that of the vacant Police Communication Officer position, he has alleged a *prima facie* claim that Aberdeen violated the ADA by failing to reassign him to that more comparable position.[2] *See, e.g.*, *Brunckhorst v. City of Oak Park Heights*, 914 F.3d 1177, 1183-84 (8th Cir. 2019) ("[A]n employer may reassign an employee to a lower grade and paid position if the employee cannot be accommodated in the current position and a comparable position is not available.") (internal citation omitted); *Norville v. Staten Island Univ. Hosp.*, 196 F.3d 89, 99 (2d Cir. 1999) ("Reassignment does not constitute reasonable accommodation, therefore, where a position comparable to the employee's former placement is available, but the employee instead is assigned to a position that would involve a significant diminution in salary, benefits, seniority or other advantages that she possessed in her former job."); *Smith v. Midland Brake, Inc.*, 180 F.3d 1154, 1177 (10th Cir. 1999) (en banc) ("The employer should first consider lateral moves to

---

[2] Aberdeen contends that Easton did not request reassignment to the Code Enforcement position, but to an entirely new position maintaining the salary and retirement benefits of a law enforcement officer. ECF 22 at 9-11. Determining whether Eaton's requested position constituted reassignment or the creation of a new position is a factual issue that should be explored at a later stage of this case.

*Easton v. Aberdeen Police Department*
Civil Case No. SAG-19-3650
October 27, 2020
Page 3

positions that are regarded as equivalent. An employer may only consider lesser jobs that constitute a demotion if there are no such equivalent positions available."); *Cassidy v. Detroit Edison Co.*, 138 F.3d 629, 634 (6th Cir. 1998) ("An employer may reassign an employee to a lower grade and paid position if the employee cannot be accommodated in the current position and a comparable position is not available.").

Second, Easton's belatedly filed charge relates back to the date of his intake interview with the EEOC. *See Edelman v. Lynchburg College*, 535 U.S. 106, 116-19 (2002). A claim is generally allowed to proceed where the claimant provided the agency detailed information about his intended charge within the relevant 300-day period, even if a formal charge was not signed and submitted until later. *See Lane v. Wal-Mart Stores East, Inc.*, 69 F. Supp. 2d 749, 752 (D. Md. 1999); *Edelman v. Lynchburg Coll.*, 300 F.3d 400, 404 (4th Cir. 2002). The earlier communication to the agency, however, must contain information "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. 1601.12(b); *see also* 42 U.S.C. § 2000e–5(b); *Merchant v. Prince George's Cty., Md.*, 948 F. Supp. 2d 515, 522 (D. Md. 2013). To evaluate whether the information was sufficient, a Court must examine the specific document submitted "from the standpoint of an objective observer to determine whether, by a reasonable construction of its terms, the filer requests the agency to activate its machinery and remedial processes." *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008).

Here, the information submitted by Easton in December, 2017 and January, 2018 clearly indicated his intent to file a charge, provided the name of his employing agency and contact information, and described the nature of his grievance, specifically that he had not been offered alternative employment, but only the opportunity to apply for another job. ECF 14-1 at 4-6. The notes from the January, 2018 interview indicate that the EEOC representative sent Easton a charge through the portal, which demonstrates that Easton requested that the agency activate its machinery. *Id.* at 6. Accordingly, his charge relates back to the information he provided the EEOC in December, 2017 and January, 2018, and his claims are not subject to dismissal on jurisdictional grounds.

Third, Easton has submitted uncontroverted evidence from his attorney regarding her date of receipt of the right to sue letter. *See* ECF 14-4. His Complaint in this Court was filed within ninety days of that receipt, rendering it timely.

Accordingly, Aberdeen's Motion to Dismiss, ECF 22, will be DENIED.

Despite the informal nature of this letter, it constitutes an Order of the Court and will be docketed as such.

    Sincerely yours,

    /s/
    Stephanie A. Gallagher
    United States District Judge